UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Rayya Dennis<br>Plaintiff<br><br>v.<br><br>LVNV Funding, LLC, and<br>Ratchford Law Group, P.C.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:23-cv-13131-MJJ |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Ratchford Law Group, P.C. (hereinafter "Defendant" or "RLG"), hereby answer the Plaintiff's Complaint as follows:

**Parties**

1. Upon information and belief, admitted.
2. The Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
3. Denied. Ratchford Law Group, P.C. is a professional corporation with its principal place of business located at 54 Glenmaura National Boulevard, Suite 104, Moosic, PA 18507.
4. This paragraph is a statement of law for which a response is not required. Should a response be deemed necessary, the averments of this paragraph are denied.
5. This paragraph is a statement of law for which a response is not required. Should a response be deemed necessary, the averments of this paragraph are denied.

**Statements of Facts**

6. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the

Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

7. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
8. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, admitted.
9. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
10. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
11. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Court records from 2306SC000393 speak for themselves.

12. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
13. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
14. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
15. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
16. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this

paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

17. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

18. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

19. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

20. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

**COUNT I: Violation of the FDCPA**

21. The Defendant incorporates by reference its answers to paragraphs 1 through 20 as if fully and separately set forth herein.
22. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
23. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
24. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
25. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

26. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
27. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
28. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
29. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
30. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.

## COUNT II: Violations for G.L. c. 93A

31. The Defendant incorporates by reference its answers to paragraphs 1 through 30 as if fully and separately set forth herein.

32. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
33. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
34. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
35. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
36. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
37. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this

paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

38. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
39. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
40. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
41. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.
42. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.
43. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, the Defendant is without information sufficient to admit or deny the averments of this paragraph. Therefore, the Defendant denies said averments and calls upon the Plaintiff to prove the same.

44. To the extent this paragraph calls for a legal conclusion, the Defendant states that no response is required. To the extent that this paragraph makes a factual assertion, denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed to mitigate her damages.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered or demonstrated any cognizable damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the Defendant at all times acted reasonably, in good faith, and in

accordance with its legal duties, rights and obligations.

NINTH AFFIRMATIVE DEFENSE

The Defendant denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and unsubstantiated, consequently, Plaintiff is barred from recovering any costs or damages they claim to have incurred.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief because, to the extent she has suffered any harm or damages, such harm or damages was the result of her own conduct.

TWELFTH AFFIRMATIVE DEFENSE

Any alleged harm to Plaintiff was caused by Plaintiff's own actions.

THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant did not violate 15 U.S.C. § 1692, *et seq.*

FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant did not violate G.L. c. 93A.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable claim against RLG under the FDCPA. Plaintiff has falsely alleged that RLG harassed or abused Plaintiff premised on the errant theory that the Action filed

by RLG on behalf of LVNV Funding, LLC was illegitimate. The Action was justified by both fact and law, and dismissal of the claims against RLG is warranted and appropriate.

SIXTEENTH AFFIRMATIVE DEFENSE

RLG did not engage in any unlawful conduct, let alone conduct having the natural consequence of harassing, oppressing, or abusing Plaintiff in connection with her debt obligation. The Actions were justified by both fact and law. Therefore, aside from the exaggerated claims in the Complaint, Plaintiff fails to present a viable claim under the FDCPA.

SEVENTEENTH AFFIRMATIVE DEFENSE

Any error or mistake made by RLG was a bona fide error made despite maintaining procedures reasonably adapted to avoid such errors.

EIGHTEENTH AFFIRMATIVE DEFENSE

An award of statutory damages in the absence of actual damages would exceed the limits of Constitutional Due Process. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L. Ed 2d 585 (2003).

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has brought the within action in bad faith is liable for RLG's attorneys' fees pursuant to §813(a)(3).

TWENTIETH AFFIRMATIVE DEFENSE

The Boston Municipal Court Department Administrative Office does not maintain a list of streets or a map delineating the statutory boundaries of the divisions of the BMC.

TWENTY-FIRST AFFIRMATIVE DEFENSE

The West Roxbury division of the Boston Municipal Court "serves Hyde Park, Jamaica Plain, Roslindale, West Roxbury, **parts of Mattapan**, and parts of Mission Hill" (emphasis added).[1]

RLG reserves the right to raise any other Affirmative Defenses identified through the course of discovery or additional investigation which were not previously asserted in this Answer.

WHEREFORE, Defendant Ratchford Law Group, P.C. requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as the Court deems just and appropriate.

Ratchford Law Group, P.C.,
by its Attorney,

Dated: December 19, 2023

*/s/ Christopher Williamson*
Erin Reczek, Esq., Bar No. 658898
Christopher Williamson, Esq. Bar # 690589
Ratchford Law Group, P.C.
89 Newbury Street, Suite 106
Danvers, MA 01923
(978) 834-6600
Ereczek@ratchfordlawgroup.com
cwilliamson@ratchfordlawgroup.com

[1] See https://www.mass.gov/locations/west-roxbury-division-boston-municipal-court

CERTIFICATE OF SERVICE

I, Christopher J. Williamson, hereby certify that on December 22, 2023, a true and correct copy of the Defendant's Answer to Plaintiff's Complaint was served via ECF and/or first-class mail, postage prepaid to:

Alexa Rosenbloom, Esq.
Legal Services Center of Harvard Law School
122 Boylston St.
Jamaica Plain, MA 02130
arosenbloom@law.harvard.edu

LVNV Funding, LLC
c/o Manuel H. Newburger, Esq.
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
mnewburger@bn-lawyers.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 22, 2023

*/s/ Christopher J. Williamson*
Christopher J. Williamson, BBO No. 690589